UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JULES DEUTSCH, ET AL.                           CIVIL ACTION

VERSUS                                          NO: 06-8450

STATE FARM FIRE & CASUALTY                      SECTION: "A" (5)
CO.

## ORDER AND REASONS

Before the Court are a **Motion for Partial Summary Judgment As to Plaintiffs' Faulty Roof Damage (Rec. Doc. 78), Motion for Partial Summary Judgment As to Plaintiffs' Termite Damage Claims (Rec. Doc. 76), and Motion for Partial Summary Judgment As to Plaintiffs' Coverage B Claims (Rec. Doc. 77)** filed by defendant State Farm Fire & Casualty Co. Plaintiffs, Jules Deutsch and Cynthia Deutsch, oppose the motions. The motions, set for hearing on September 2, 2009, are before the Court on the briefs without oral argument.[1] For the reasons that follow, the motions are DENIED.

## I. BACKGROUND

This is a suit under a homeowner's insurance policy for damages sustained during Hurricane Katrina. Plaintiffs' home, located at 1749 Coliseum St. in New Orleans, is known as the

---

[1] State Farm has requested oral argument but the Court is not persuaded that oral argument would be helpful in light of the issues presented.

1

Grace King House. The house sustained significant damage during Hurricane Katrina when high winds toppled a neighboring 70 foot pine tree onto the downtown side of the property. According to Plaintiffs, two chimneys, a substantial portion of the roof over the front portion of the house, and the masonry wall on the downtown side of the building were heavily damaged resulting in a substantial amount of rainwater entering a third-floor bedroom and stairwell. Plaintiffs contend that the rainwater then spread laterally and downward, through cracks in the wooden floors, down walls and through wall cavities, damaging virtually everything in its path. Additionally, hurricane-driven wind entered the home through various windows and doors, including a stained-glass window that was blown in during the storm. Mold subsequently developed on virtually every part of the home that was damaged by water during the storm.

On August 29, 2005, the date that Hurricane Katrina made landfall, State Farm had in effect homeowners policy no. 18-C9-7772-5 for Plaintiffs' home. Following Katrina, Plaintiffs filed claims with State Farm for property damage related to the storm. Plaintiffs eventually filed suit and State Farm removed the case to this Court on October 18, 2006. Plaintiffs' claims will be tried to a jury on November 30, 2009.

State Farm now moves for summary judgment on three issues. First, State Farm contends that Plaintiffs may not recover any

damages or expenses related to faulty workmanship on their roof. Second, State Farm contends that Plaintiffs may not recover for any termite damage to the Grace King House. Finally, State Farm contends that Plaintiffs are precluded from recovering damages for loss to personal property under Coverage B of their policy.

## II. DISCUSSION

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. Id. (citing Anderson, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)). Conclusional allegations and

3

denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

State Farm's motions pertaining to faulty workmanship on the roof and termite damage implicate Coverage A of the policy pertaining to losses insured for the dwelling. As this Court has previously noted, the dwelling coverage is an "open peril" policy subject to certain exclusions. (Rec. Doc. 83 at 4 n.3). Under Louisiana law, the insurer has the burden of proving the applicability of an exclusionary clause within the policy. Coleman v. Sch. Bd., 418 F.3d 511, 517 (5th Cir. 2005) (quoting Doerr v. Mobil Oil Corp., 774 So. 2d 119, 124 (La. 2000)). Thus, with respect to their immovable property, Plaintiffs need only prove that the property sustained an accidental direct physical loss. The burden then shifts to State Farm to prove that an exclusion applies.

State Farm is undisputedly correct that it need not pay for damages caused by a faulty roof or by termites and Plaintiffs concede as much. Plaintiffs do not dispute that the policy contains an exclusion that relieves State Farm of any obligation to pay for damages arising out of faulty workmanship on the roof. (Rec. Doc. 85 at 7). Likewise, Plaintiffs do not dispute that the policy contains an exclusion for losses directly attributable

to insects, including termites. (Rec. Doc. 86 at 6). However, Plaintiffs contend that the mere existence of these exclusions does not entitle State Farm to summary judgment and the Court agrees.

The policy obligates State Farm to pay for hurricane-related loss to the property. To the extent that State Farm seeks to avoid payment for any given loss, it must establish by a preponderance of the evidence that the loss was attributable to either faulty workmanship on the roof or to termites. If State Farm convinces the jury that the cause of the loss was attributable to either of these two excluded perils, then Plaintiffs cannot recover for that loss. Via the instant motions, State Farm is asking the Court to review the documentary evidence and to determine as a matter of law that it has met its burden with respect to the exclusions upon which it relies. The Court declines to do so because the determination as to the cause of any given loss is a task left to the trier of fact. This Court will not usurp the jury's role with respect to State Farm's burden on the policy exclusions any more than it would usurp the jury's role with respect to Plaintiffs' burden of establishing a direct physical loss to the property. The issues before the Court today stand in stark contrast to the mold issue addressed by the Court just last month. (Rec. Doc. 83). The mold issue required the Court to interpret the policy language without

regard to causation because mold remediation was excluded regardless of the cause.  The instant motions, however, present no such dispute as to the meaning of the policy language.

State Farm's third motion pertaining to personal property implicates Coverage B which is a "named peril" policy in that the damage must be caused by one of the perils specifically enumerated in the policy, including windstorm.  (Rec. Doc. 83 at 4 n.3).  With respect to personal property, Plaintiffs have the burden of proving that their losses were caused by a specific named peril.  To the extent that State Farm challenges Plaintiffs' ability to meet that burden, the issue will naturally be decided by the jury.  Further, the Court is not persuaded that State Farm can avoid its obligations under Coverage B based on the contention that Plaintiffs breached the terms of the policy with respect to the timeliness of their contents list.  Of course, State Farm is certainly free to make that argument to the jury in defense of any claims made for bad faith.

Finally, the Court notes that the deadline for filing dispositive motions has now passed.  The parties are admonished that this Court is not inclined to allow the filing of out of time dispositive motions absent a <u>compelling</u> reason to do so.[2]

Accordingly, and for the foregoing reasons;

---

[2] Further, any "motion in limine" that the Court finds to present a dispositive issue in substance will be summarily denied.

**IT IS ORDERED** that the **Motion for Partial Summary Judgment As to Plaintiffs' Faulty Roof Damage (Rec. Doc. 78), Motion for Partial Summary Judgment As to Plaintiffs' Termite Damage Claims (Rec. Doc. 76), and Motion for Partial Summary Judgment As to Plaintiffs' Coverage B Claims (Rec. Doc. 77)** filed by defendant State Farm Fire & Casualty Co. are **DENIED**;

**IT IS FURTHER ORDERED** that the parties contact the magistrate judge by the end of this week for the scheduling of a settlement conference, said conference to take place no later than **November 1, 2009**.

September 14, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE